## CIRCUIT COURT OF NELSON COUNTY

Rafael J. Tal et al.

v.

Kathleen Gregory,
Joseph A. Compofelice,
and TripAdvisor

December 2, 2008

Case No. CL08000133-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion to quash service and dismiss for lack of personal jurisdiction filed on behalf of Kathleen Gregory and Joseph A. Compofelice, defendants. The motion to quash service and motion to dismiss for lack of personal jurisdiction is granted as to Gregory and Compofelice. Accordingly, the complaint is dismissed as to each of these defendants.

The complaint in this case seeks damages for defamation, intentional interference with contract, negligent interference with contract, and conspiracy to injure a business under Va. Code § 18.2-499. Under the facts pleaded and the reasonable inferences from such pleadings, plaintiffs own a bed and breakfast in Nelson County called "The Mark Addy." In August 2007, Gregory reserved a room for several days in October 2007 for herself and Compofelice. Gregory and Compofelice checked out of The Mark Addy on October 21, 2007. On November 14, 2007, Gregory published a critical review of The Mark Addy on TripAdvisor, an Internet site that publishes reviews about hotels from individual travelers. The TripAdvisor review was critical of both the owners and the bed and breakfast facilities. On the face of the review, it stated that it was posted in Washington, D.C.

The complaint sets forth that the address of Gregory is in Chevy Chase, Maryland, and the address of Compofelice is in Greenbelt, Maryland. Service was obtained on Gregory by posting the complaint on the door of her residence. Service was obtained on Compofelice by service on his receptionist in his law office.

The complaint clearly seeks to exercise personal jurisdiction over both Gregory and Compofelice for tortious injury to the plaintiffs. Va. Code § 8.01-328.1 establishes the grounds upon which personal jurisdiction may be exercised. Subparagraph 4 is the paragraph that is applicable to this case. Under § 8.01-328.1(A)(4), personal jurisdiction may be exercised arising from a person "[C]ausing tortious injury in the Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth." For purposes of this ruling, I will assume that the complaint adequately sets forth a cause of action for tortious injury in the Commonwealth. However, this action does not satisfy the second requirement of the subparagraph. There is no allegation that the defendants do or solicit business or engage in any other persistent course of conduct in the Commonwealth of Virginia. Further, there is no allegation of substantial revenue from goods used or consumed in Virginia. The fair inference from the pleadings is that Gregory and Compofelice were merely customers of the bed and breakfast for a few nights and then returned to their homes in Maryland. This is certainly not sufficient to satisfy the requirements of Va. Code § 8.01-328.1(A)(4).

No responsive pleading has been filed by TripAdvisor. The complaint against TripAdvisor will remain on the docket.

*Order*

For the reasons set forth in the opinion letter of this court dated December 2, 2008, which is incorporated into this order by reference, the court doth adjudge, order, and decree that the motion to quash and the motion to dismiss for lack of personal service is granted. Accordingly, it is ordered that this case is dismissed as to Kathleen Gregory and Joseph A. Compofelice.

The clerk is directed to mail a certified copy of this order to Alvaro A. Inigo, Esq., Plaintiffs, and TripAdvisor, L.L.C.